UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**JORGE MOLINA,**

    Petitioner,

v.

**DEPARTMENT OF HOMELAND SECURITY and BRUCE A. HAUCK, ADMINISTRATOR, NORTHER STATE PRISON.**

    Respondents.

07-CV-5161 (WJM)

ORDER

    **THIS MATTER** comes before the Court upon Petitioner Jorge Molina's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2241. Petitioner, who is currently incarcerated at Northern State Prison for drug possession with intent to distribute within 1,000 feet of school property, argues simply that: (1) he is subject to a detainer by the Immigration and Customs Enforcement (ICE) branch of the Department of Homeland Security (DHS) despite the fact that he is from Cuba,[1] and (2) the "ICE detainer is keeping [him] from getting a job, and preparing for [his] release." It appears that Petitioner seeks cancellation of the detainer placed upon him by ICE through this Petition. Respondents oppose and seek dismissal of the petition.

    An ICE detainer is "a request that [law enforcement] agency advise the [DHS], prior to the release of the alien, in order for the [DHS] to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible." 8 C.F.R. § 287.7. The detainer thus serves to "advice another law enforcement agency that the [DHS] seeks

---

[1] The Court recognizes that there is no repatriation agreement between Cuba and the United States, and thus, the detention and removal of Cuban nationals pose certain unique challenges. *See Clark v. Martinez*, 543 U.S. 371, 286 (2005). As discussed below, the issue, if any, regarding Petitioner's detention pursuant to an order of removal is not ripe since Petitioner is not yet in the custody of the ICE.

custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien." *Id*. In this case, Petitioner is in the custody of Northern State Prison pursuant to a conviction of a drug offense in the Superior Court of the State of New Jersey. Thus, he is not currently in custody pursuant to the ICE detainer.

A court's review of a prisoner's petition under 28 U.S.C. § 2241 is confined to situations where the prisoner is "in custody." 28 U.S.C. § 2241(c). In order to invoke the Court's habeas corpus jurisdiction under § 2241 based on an ICE detainer, Petitioner "must demonstrate that he is 'in custody' pursuant to the detainer." *Green v. Apker*, 153 Fed. Appx. 77, 79 (3d Cir. 2005)(unpublished opinion). Courts have generally held that "a prisoner who is serving a criminal sentence is not in [ICE] custody simply because the [ICE] has lodged a detainer against him with the prison where he is incarcerated." *Id*.; s*ee also Garcia-Echaverria v. United States*, 376 F.3d 507, 510-11 (6th Cir. 2004); *Zolicoffer v. United States Department of Justice*, 315 F.3d 538, 541 (5th Cir. 2003); *Garcia v. Taylor*, 40 F.3d 299, 303, 304 (9th Cir. 1994); *Orozco v. Immigration and Naturalization Serv.*, 911 F.2d 539, 541 (11th Cir. 1990); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988). Thus, this Court lacks jurisdiction to consider this petition.

To the extent that Petitioner challenges his right to participate in any rehabilitative or other programs administered by the Bureau of Prisons due to his ICE detainer, the claim lacks merit since Petitioner has not articulated whether his inability to participate in these programs is due solely to his status as an alien. *See e.g.*, *Green*, 153 Fed. Appx. at 80 (prisoner's claim that an ICE detainer prevented him from participating in prison programs was dismissed because prisoners who were ineligible to participate in the programs included non-aliens as well as aliens). Furthermore, any issue regarding his future ability to obtain employment after release from prison is not yet ripe for this Court's review. *See e.g.*, *Jimenez v. United States Department of Justice*, No. 5057, 2007 U.S. Dist. LEIXS 1620, *8 (D.N.J. January 8, 2007)(challenge to

future detention of alien was not ripe for adjudication).  Accordingly,

    **IT IS** on this 7th day of March, 2008, hereby,

    **ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED without prejudice.**


                                                  <u>s/William J. Martini</u>
                                                  **William J. Martini, U.S.D.J.**